REISEN LUMBER AND MILLWORK CORPORATION, A NEW
JERSEY CORPORATION (CLAIMANT), PLAINTIFF, v.
BEATRICE SCHNEIDERMAN, OWNER, AND DAVID
SCHNEIDERMAN, BUILDER, DEFENDANTS.

Decided April 23, 1934.

For the rule, *David Schneiderman*.

Opposed, *Philip Mandelbaum*.

LAWRENCE, C. C. J. This was a mechanics' lien suit tried
before the court and a jury. It resulted in a general verdict
against the defendant David Schneiderman for $756.76, and
specially against the building involved, with a directed ver-
dict in favor of defendant Beatrice Schneiderman, the appar-
ent legal owner of the land on which the building stands.

Defendant David Schneiderman took out the present rule
to show cause and argued for a new trial on the ground that
the verdict was irregular in so far as it attempted to fasten
the debt as a lien on the building, since he had no estate in
the land; and in any event, part of the debt related to mate-
rials sold and delivered before the filing of a notice of inten-
tion in the county clerk's office, as required by statutory pro-
vision, and if plaintiff was entitled to a lien specially on the
building, the amount thereof should not exceed $484.76, for
the reason indicated.

At the trial, the factual situation, as disclosed by the evi-
dence appears to have been that David Schneiderman con-
tracted with plaintiff for the necessary materials for the erec-

tion of a bungalow on a lot of land at Mount Freedom, in Morris county. The materials contracted for with certain extras were delivered to the land and used by Schneiderman in putting up the structure. After the building operation was under way, plaintiff discovered that the title to the land was in Beatrice Schneiderman, a sister of David. The latter, however, assured plaintiff that the material would be paid for and the deliveries were continued. Schneiderman gave his promissory notes as evidence of the contract price and paid on account before the notes fell due sums which appear to have been credited by plaintiff on the account for such of the materials as had been delivered prior to the filing of the notice of intention. Eventually, there remained due on the entire account the balance sought to be recovered, and plaintiff, through its representatives, claimed at the trial that this balance covered only such materials as had been delivered and not paid for after the notice of intention had been filed. The jury could have so found, under the evidence, and apparently did so. Defendant David Schneiderman did not in fact deny that the balance as claimed was due, but took the rather technical position that materials had been delivered before the filing of the notice of intention, and that the moneys paid by him should have been credited on account of materials delivered after such filing, whereupon, if a lien could be made to lay against the building, instead of the entire indebtedness, but $484.76 could be so specially returned as a lien if at all. It is sufficient to say that the right of plaintiff to credit the amounts paid to the account as it did was within its right, as no direction had been given by Schneiderman in that respect, and it is not perceived that the jury erred in its finding in that regard. He can take nothing of the point, in the circumstances.

So far as his raising the question as to the legal propriety of the special character of the verdict as against the building, it is suggested that he is not in a position to do so. He admitted at the trial that the title to the land was in his sister, Beatrice Schneiderman, and she so testified, alleging that she knew nothing about the transaction between plaintiff and her brother and did not in fact know that the building

had been erected on the land; that she had not given her written consent to its erection and disclaimed all responsibility for it. Since no proof of a written consent was made, the court directed that a verdict be returned in her favor. See section 7 of the Mechanics' Lien act, and *Behr* v. *Interlaken Construction Co.,* 7 *N. J. Mis. R.* 743; 147 *Atl. Rep.* 499. She is not, consequently, concerned in the present rule to show cause. She appears, indeed, to have been so little interested as to state at the trial that a removal of the building would not be seriously objected to by her. However that may be, unless defendant Schneiderman really has an equitable interest in the land, the suggestion that he is not concerned, under the present rule to show cause, in raising the question, inasmuch as the legal title is in his sister, finds support in the evidence. If he has an equitable interest, then plaintiff may have a remedy in the Court of Chancery, and the special verdict should not be disturbed for that reason, that is to say, he should not be permitted to raise the question at this stage of the litigation. Since his sister appears to hold the legal title to the land on which the building is, she only could do so, but she is not a party to the rule. It will accordingly. be discharged.